**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JOSEPH M. YEARY, et al. PLAINTIFFS

v. No. 4:06CV01702 JLH

BAPTIST HEALTH FOUNDATION;
METROPOLITAN NATIONAL BANK;
ED DANIEL; and RAYMON B. HARVEY DEFENDANTS

**OPINION**

Joseph Yeary, Delores Yeary, Jeff Yeary, Melinda Yeary, Sharon Yeary, Susan Yeary, and Karen Yeary Sutherland brought this action against Baptist Health Foundation, Metropolitan National Bank, Ed Daniel, and Raymon B. Harvey, alleging tort and contract claims related to a will executed by Leola Lee Yeary. Because all of the plaintiffs are citizens of states other than Arkansas and all of the defendants are citizens of the state of Arkansas, and because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Metropolitan has moved for summary judgment, and the plaintiffs have responded in opposition to that motion. Harvey and Daniel also have moved for summary judgment. The plaintiffs initially did not respond and instead filed a motion to dismiss all claims without prejudice based on Federal Rule of Civil Procedure 41(a). Since then, all of the defendants have opposed the plaintiffs' motion to dismiss without prejudice; the plaintiffs have moved for partial summary judgment and other relief; the Foundation has moved for summary judgment; and the plaintiffs have filed an omnibus response to all of the defendants' motions. For reasons that will be explained, the plaintiffs' motion to dismiss will be denied as to Daniel, Harvey, and the Foundation; summary judgment will be entered in favor of Daniel, Harvey, and the Foundation; and because the plaintiffs and Metropolitan have essentially agreed that the Court should dismiss the plaintiffs' claims against

Metropolitan without prejudice so that those claims can be decided by the court that appointed Metropolitan first as temporary conservator of Leola's estate, then as guardian of her estate, and finally as administrator of her estate, the Court will do so.

**I.**

Leola Yeary died November 4, 2005. She had three brothers: Henry, Carl, and Joe. Henry died in 1963 and is survived by his wife, now remarried, and his daughter, Susan Yeary. Joe and his wife, Delores, live in Denver, Colorado, and have four children: Jeff, Melinda, Sharon, and Karen. Joe's family, along with Henry's daughter, Susan, are the plaintiffs in this case. Carl and his wife, Betty, live in Pulaski County, Arkansas, and have four children, none of whom is involved in this litigation.

Though Leola died in Little Rock, Arkansas, she had lived most of her life in Norton, Virginia. Leola never married and lived with her parents until both of them died. In 1998, Leola sold the family home in Norton and moved to Big Stone Gap, Virginia.

In 1994, at Leola's request, Donald Earls prepared an instrument giving Joe a durable general power of attorney for Leola's affairs. However, in 2001, Leola met with another attorney, Hugh Cline, on several occasions during which time she executed several wills (the parties all agree that there was a "May 1 Will," a "May 15 Will," a "July 17 Codicil," and a "September 26 Will"). Joe and his family contend that he persuaded Leola to relocate to Denver in October 2001, and that he went to move her from Big Stone Gap in November, but she got nervous about the move and then allegedly agreed that she would move over the 2001 Christmas-New Year holiday season. However, in December 2001, Carl went to Virginia and moved Leola to Little Rock before Joe could move her to Denver. Sometime in January 2002 Hugh Cline drafted an instrument giving Carl power of attorney to act on Leola's behalf. Joe and his family allege that Leola was mentally incompetent in

December 2001 and in 2002. In any event, all of this led to proceedings in Pulaski County Circuit Court for guardianship as to Leola's person and estate.

In 2002, Carl Yeary hired Raymon Harvey to represent him and set up a conservatorship to manage Leola's affairs. On May 8, 2002, Harvey filed a petition in Pulaski County Circuit Court requesting the appointment of Carl as conservator. Joe Yeary hired Daniel Traylor as his lawyer and on May 14, 2002, Traylor filed a separate action in Pulaski County Circuit Court requesting that Joe be appointed guardian of Leola and her estate. The two cases were consolidated and a contentious guardianship proceeding ensued. Ed Daniel represented Leola in these proceedings. Joe and his family suggest that Daniel's representation of Leola was urged by Carl's lawyer, Raymon Harvey. Regardless of whether that assertion is accurate, Daniel filed a complaint on behalf of Leola against Joe alleging that Joe fraudulently induced Leola to transfer money to him and that Joe's petition to be appointed Leola's guardian was part of that scheme. Daniel subsequently filed a motion in support of Carl's petition for conservatorship, which sought to have Metropolitan National Bank appointed as conservator. At a hearing held on July 17, 2002, the circuit court found from Leola's testimony that she was competent and upon the conclusion of the hearing entered an order appointing Metropolitan as temporary conservator.

The parties agree that on July 24, 2002, Leola executed a document referred to as the "July 24 Will," although Joe and his family attack the validity of that will. On July 30, 2002, letters of temporary conservatorship of the estate were issued to Metropolitan. On November 30, 2002, Leola signed an authorization for Metropolitan to pay fees to her attorney, Harvey, and Carl's attorney, Daniel. On May 18, 2003, Joe filed a motion to protect Leona's assets and to have an attorney appointed for her. In that motion, Joe requested that Metropolitan stop paying Daniel's and Harvey's attorneys' fees. On August 5, 2003, after a hearing, the circuit court entered an order appointing

Claiborne W. Patty, Jr., as Leola's attorney ad litem, relieving Daniel of his representation of Leola, and ordering that no attorneys' fees or expenses may be paid without approval of the court.

On September 22, 2003, Joe moved to have Metropolitan removed as conservator based on allegations of breach of fiduciary duties to Leola. Subsequently, depositions of Debra Hook, a former trust officer for Metropolitan, Ed Daniel, and Lisa Lowry, a witness of the July 24 Will, were taken. Joe's motion was denied, and Metropolitan accepted its appointment as guardian of Leola's estate on May 20, 2004. Anne Wasson accepted appointment as guardian of the person of Leola on June 28, 2004.[1] On December 1, 2004, a paper was filed in circuit court stating that Ed Daniel was terminated as an attorney of record for Metropolitan, effective as of June 18, 2004. A hearing regarding attorneys' fees and other like expenses was held on January 7, 2005. Following Leola's death on November 5, 2005, the circuit court entered an order closing the guardianship and terminating Anne Wasson as Leola's personal guardian.

Joe and Carl separately petitioned the circuit court in early 2006 to be appointed administrator of Leola's estate. Joe claimed that Leola died intestate, while Carl requested that the July 24 Will, which nominated him to be an administrator, be probated. In March 2006, Joe responded to Carl's petition, contesting the probate of the July 24 Will and Carl's appointment as administrator. Metropolitan was appointed administrator in June 2006. Later that month, notice of the probate of the will ran in the Arkansas Democrat-Gazette.

On June 28, 2006, Joe and his family filed a complaint in circuit court contesting the validity of the will based on undue influence by Carl and alleging tortious interference with an inheritance. In the meantime, on July 6, 2006, Metropolitan filed an inventory assessing the value of Leola's

---

[1] The order or orders appointing Metropolitan as guardian of Leola's estate and Wasson as guardian of her person have not been made a part of the record in this case.

personal property in her estate. In August 2006, the circuit court entered an order finding that the July 24 Will was properly executed and admitting it to probate. On August 16, the trial on the will contest began, but after opening statements the parties reached a settlement agreement. On October 3, 2006, the circuit court entered an order dismissing the will contest and outlining the settlement. To date, there have been several partial distributions of the estate but no final accounting, so the administration of the estate remains open. At no time during the guardianship or probate proceedings did Ed Daniel or Raymon Harvey represent Joe Yeary or his family members who are the plaintiffs in the instant action.

In December 2006, the plaintiffs filed the complaint in this action naming as defendants Baptist Health Foundation, Metropolitan National Bank, Ed Daniel, and Raymon Harvey. Each defendant responded with an answer. Metropolitan then moved for summary judgment, and subsequently, Raymon Harvey and Ed Daniel filed separate motions for summary judgment. The plaintiffs filed a response to Metropolitan's motion but did not initially respond to Daniel's or Harvey's motion. After the time for responding to Harvey's and Daniel's motions had passed, the plaintiffs filed a motion to dismiss this action without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. All of the defendants have opposed that motion, including Metropolitan, even though Metropolitan's motion for summary judgment argues that the Court lacks jurisdiction or, in the alternative, should abstain from exercising jurisdiction. The plaintiffs have now filed a motion for partial summary judgment and a collective response to the defendants' motions.

**II.**

In considering whether to grant a motion to dismiss pursuant to Rule 41(a), a court should take the following into consideration: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting

the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). Further, "[a] party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005). Three of the factors listed above are present in this case. The discovery deadline has passed, as has the motion deadline, so trial preparations should be substantially complete. In explaining their need for a dismissal, the plaintiffs point to the defendants' argument on summary judgment for the application of the probate exception to federal jurisdiction and state that they do not want to risk inconsistent adjudication. As pointed out in *Cahalan*, the desire to avoid an adverse decision is not a sufficient reason to warrant dismissal without prejudice. Finally, three of the four defendants moved for summary judgment before the plaintiffs moved to dismiss this action without prejudice.

During oral argument, the plaintiffs argued that the Court should abstain from exercising jurisdiction over the defendants, but it was the plaintiffs, not the defendants, who invoked this Court's jurisdiction. It is undisputed that all of the plaintiffs are citizens of states other than Arkansas and that all of the defendants are citizens of Arkansas. It is undisputed that the amount in controversy exceeds $75,000. This is an action for monetary damages. The Court can find no principle that would justify abstention as to defendants other than Metropolitan. *Cf. Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996).

The fourth defendant, Baptist Health Foundation, did not move for summary judgment in this case until after plaintiffs moved to dismiss. In its answer, the Foundation denied that it owned Parkway Heights, the retirement center where Leola lived, and asserted as an affirmative defense that plaintiffs failed to state a claim against them since they had no connection with Parkway Heights.

The Foundation has now filed a motion for summary judgment and provided undisputed evidence of the allegations made in its answers.

This action is now one year old. The discovery cutoff and the motion deadline have passed. Discovery has been or should have been completed. The plaintiffs' explanation of their need for a dismissal is insufficient to justify dismissal at this point in the case. Considering all of the factors delineated in *Paulucci*, the Court denies the plaintiffs' motion to dismiss their claims against Harvey, Daniel, and the Foundation without prejudice. *Cf. Beavers v. Bretherick*, 227 F. App'x 518 (8th Cir. 2007).

Despite its opposition to the plaintiffs' motion to dismiss without prejudice, Metropolitan's first argument in its motion for summary judgment is that this Court lacks jurisdiction due to the "probate exception" to federal diversity jurisdiction, and it further argues, in the alternative, that this Court should abstain from exercising jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006); *Bassler v. Arrowood*, 500 F.2d 138 (8th Cir. 1974). In effect, the plaintiffs in their motion to dismiss have joined this portion of Metropolitan's motion asking that the Court dismiss without prejudice. Because Metropolitan National Bank was appointed by the circuit court in order first as temporary conservator, then as guardian, and finally administrator of Leola's estate, and because the probate proceedings remain open in that court, any claims against Metropolitan should be addressed by that court, as the plaintiffs and Metropolitan separately have argued. In substance, as to the plaintiffs' claims against Metropolitan, the parties agree that this Court should dismiss the action without prejudice so that the Circuit Court of Pulaski County, which appointed Metropolitan and still has Metropolitan under its supervision as administrator of Leola's estate, can decide whether Metropolitan has fulfilled its obligations. Therefore, this Court abstains from the exercise of jurisdiction over the plaintiffs' claims against Metropolitan. Those claims will

be dismissed without prejudice. *Cf. McKnight v. Bank of America*, No. 2:05CV00315, 2006 WL 151916 (E.D. Ark. Jan. 19, 2006).

Unlike Metropolitan, Harvey, Daniel, and the Foundation are not parties in the probate proceedings. The claims against them are sufficiently separate from the probate proceedings that the probate exception does not apply and abstention is not necessary. The Court can and should decide their motions for summary judgment.

**III.**

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In a diversity action, absent a federal statutory or constitutional directive to the contrary, a federal district court applies the substantive law of the forum state. *Salve Regina College v. Russell*, 499 U.S. 225, 226-27, 111 S. Ct. 1217, 1218-19, 113 L. Ed. 2d 190 (1991). Thus, Arkansas tort and contract law applies in this case.

The undisputed facts show that neither Raymon Harvey nor Ed Daniel ever represented any of the persons who are the plaintiffs in the present action. Raymon Harvey represented Carl and Betty Yeary, and he only represented their interests in the conservatorship proceeding, not in the proceeding to probate her estate. Ed Daniel represented Leola Yeary in the conservatorship proceeding and drafted her "July 24 Will" but was not involved otherwise in the proceeding to

probate Leola's estate. Arkansas law provides that: "[n]o person licensed to practice law in Arkansas . . . shall be liable to persons not in privity of contract with the person . . . for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by the person . . . ." ARK. CODE ANN. § 16-22-310(a) (Supp. 2007). In *McDonald v. Pettus*, 337 Ark. 265, 270-74, 988 S.W.2d 9, 12-13 (1999), the Arkansas Supreme Court held that the children of a lawyer's clients could not bring an action against the lawyer because they were not in direct privity with him. For the same reasons, Harvey and Daniel are entitled to summary judgment; none of the plaintiffs have had a lawyer-client relationship with Harvey or Daniel. The claims for negligence against Harvey and Daniel fail because neither lawyer owed any duty to the plaintiffs. At the oral argument, the plaintiffs seemed to argue that Harvey and Daniel owed them a duty because they were beneficiaries of Leola's estate. As to Harvey, that argument fails because he did not represent Leola in any capacity. As to Daniel, that argument confuses the probate estate with the conservatorship's estate. That the lawyer for an estate in probate may owe a duty to beneficiaries of the estate does not mean that a lawyer representing a person for whom a conservator has been appointed owes a duty to persons who might be beneficiaries when that person dies. Where there is "no duty to undertake," an attorney cannot be negligent. *Dunn v. Westbrook,* 334 Ark. 83, 86, 971 S.W.2d 252, 254 (1998). "If no duty of care is owed, the negligence count is decided as a matter of law, and summary judgment is appropriate." *Id.* Neither Harvey nor Daniel had a duty to the plaintiffs in this action; therefore, both Harvey and Daniel are entitled to summary judgment on the negligence claims.

The claims that Harvey and Daniel intentionally interfered with the plaintiffs' inheritance must also fail. Harvey and Daniel argue that the Arkansas Supreme Court has held that Arkansas does not recognize the tort of intentional interference with an inheritance. *See Jackson v. Kelly*, 345

Ark. 151, 157-61, 44 S.W.3d 328, 331-34 (2001). The plaintiffs argue that *Jackson* stands for the proposition that Arkansas will not recognize the tort of intentional interference with an inheritance under circumstances in which a will contest provides an adequate remedy, and they argue that the will contest in this instance did not provide an adequate remedy. Assuming, without deciding, that Arkansas would recognize the tort of intentional interference with an inheritance in this case, Harvey and Daniel are still entitled to summary judgment.

The undisputed facts show that Harvey had nothing to do with the July 24 Will. According to his affidavit, he was not even aware of its existence until Daniel was deposed in December 2003 in connection with one of the disputes in circuit court. There is no genuine issue of material fact as to the plaintiffs' claims against Harvey. Harvey is entitled to judgment as a matter of law.

Although Daniel drafted the will, the plaintiffs have presented no evidence to show that Daniel by fraud, duress or other tortious means intentionally prevented them from receiving an inheritance from Leola. *See* RESTATEMENT (SECOND) TORTS § 774B. The plaintiffs argue that the fact that the circuit court appointed a conservator for Leola means that she was incompetent as a matter of law, but the conservatorship statute does not so state. The statute authorizes appointment of a conservator when "the person in question is by reason of advanced age or physical disability unable to manage his or her property[.]" ARK. CODE ANN. § 28-67-105 (Repl. 2004). A person might be unable to manage property due to age or physical disability but still competent to execute a will. At the hearing of July 17, 2002, one week before the July 24 Will was executed, the Honorable Vann Smith, after seeing and hearing Leola testify, appointed Metropolitan temporary conservator but also stated, "Ms. Yeary seems pretty competent to me to be honest with you, and pretty sharp." Judge Smith did order that Leola be evaluated. On August 19, 2002, Lou Ann Eads, M.D., Assistant Professor of Geriatrics & Psychiatry at UAMS, wrote:

> In summary, today Ms. Yeary's depressive, psychotic (paranoia and delusions) and cognitive symptomatology appear to be under good control. She appears to be happy and doing well in her current environment. Physically and psychiatrically she appears to be stable. At the current time, she is felt to have the capacity to help make decisions regarding her finances, and possessions. Additionally, she currently is also felt to have the capacity to designate whom she would want to be her power of attorney or to act in the capacity of her Conservatorship.

The plaintiffs have presented no evidence that Daniel knew on July 24, 2002, that Leola was incompetent (assuming that she was, despite the observations of Judge Smith and Dr. Eads) or that he otherwise by tortious means intentionally interfered with their inheritance from Leola.[2] There is no genuine issue of material fact as to the plaintiffs' claims against Daniel. Daniel is entitled to judgment as a matter of law.

The plaintiffs' claims against the Foundation are predicated on allegations that the Foundation owned Parkway Heights, where Leola resided when she executed the July 24 Will. The plaintiffs have asserted that two employees of Parkway Heights witnessed the July 24 Will and falsely attested that Leola was of sound mind. The Foundation supports its motion for summary judgment with affidavits stating that it has never owned or operated Parkway Heights and did not employ the two persons who witnessed the July 24 Will. The two employees of Parkway Heights who witnessed the July 24 Will likewise have submitted affidavits stating that they were not and are

---

[2] After the oral argument, counsel for the plaintiffs sent to the Court a copy of a letter dated January 15, 2002, addressed to the attention of Eddie Martin or Gene Stockburger of Mitchell, Williams, Selig, Gates & Woodyard, PLLC, from Dr. Eads, stating that Leola "is felt to have moderate dementia consistent with an Alzheimer's type [sic]. Due to the progressive nature of Alzheimer's dementia, it is highly recommended that guardianship be sought for this patient." That letter, even if timely submitted in response to the motions for summary judgment, would not change the conclusion that there is no evidence that Daniel knew on July 24 that Leola was incompetent (assuming that she was) or that he intentionally interfered with the plaintiffs' inheritance.

not employed by the Foundation. The plaintiffs have not introduced any evidence to contradict these affidavits; they have not met proof with proof. The Foundation is entitled to summary judgment.

**CONCLUSION**

For the reasons listed above, the plaintiffs' claims against Metropolitan National Bank are dismissed without prejudice. The motions for summary judgment filed by Ed Daniel, Raymon B. Harvey, and Baptist Health Foundation are granted.

IT IS SO ORDERED this 7th day of January, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE